# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| MAHMOUD M. HAFEZ, | :: | CIVIL ACTION NO. |
| Inmate # GDC 1199756, | :: | 2:08-CV-0156-RWS |
|     Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| TIMOTHY MADISON, | :: | PRISONER CIVIL RIGHTS |
| EDDIE BENNETT, | :: | 42 U.S.C. § 1983 |
| CLAIRE MANLEY, | :: | |
| DONNA MARIE PRESSLEY COLE, | :: | |
| BARROW COUNTY, GEORGIA, | :: | |
|     Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, Mahmoud M. Hafez, a Georgia prisoner, has submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983. Plaintiff has paid the filing fee in full. The matter is now before the Court for an initial screening.

## I. The Legal Framework

### A. 28 U.S.C. § 1915A Review

Under 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief

against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

## B.     42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because

2

plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. The Complaint

**Defendant Madison**

Plaintiff states that former District Attorney Tim Madison, who for twenty-four years presided over the prosecutor's office in Barrow County, Georgia, was convicted on numerous counts of corruption in office after pleading guilty on March 4, 2008. Plaintiff alleges that "[o]n October 7, 2005, Defendant Madison, under his corruption, sentenced [him] to 30 years in prison to be followed by ten years on probation," based in part on "a law that no longer existed," namely, the repealed version of O.C.G.A. § 16-5-70. (Compl. at 2-3.) Plaintiff further alleges that two members of the jury at Plaintiff's trial, including the foreman, "were working as Barrow [C]ounty contractors," a fact of which Madison was aware; Madison "issued an illegal search warrant" for Plaintiff's home; and Madison "gave false information about Plaintiff['s] citizenship status to Immigration." (Id. at 3.)

AO 72A
(Rev.8/82)

**Defendant Barrow County**

Plaintiff alleges that "Defendant Municipality Barrow County did not provide" him with a lawyer until eight days after he was arrested, and he did not have a preliminary hearing for sixty days. Plaintiff further alleges that during his bond hearing, the court dealt with him as an Egyptian, not an American citizen, and that he was placed in a prison population "without a medical check for any of the" inmates, causing him to be "infected with T.B. [tuberculosis]." (Id. at 3-4.)

**Defendants Bennett, Cole, and Manley**

Plaintiff alleges that Defendant Bennett, a case worker with the Department of Family and Children's Services in Barrow County, placed Plaintiff's children with a foster family and then "replaced them with another foster family in Fulton County for two months without legal authority"; Defendant Cole, a school teacher, took Plaintiff's children to church, in violation of their and Plaintiff's faith and "Judge Kevin Guidry's orders to stop," and she also allowed her husband to use Plaintiff's daughter to handle beer; Defendant Manley, a police detective, "used hate speech" regarding Plaintiff in addressing his former attorney; and, finally, Defendants Bennett and Manley deprived him of his due process rights "when they came to [his] home to interview" him and his wife, his co-defendant at his criminal trial. (Id. at 1-2, 3-4.)

4

Plaintiff seeks a declaration that the foregoing actions violated his rights under the Constitution and laws of the United States; an injunction ordering Defendants to correct their violations and pay compensatory damages; and nineteen million dollars in punitive damages. (Id. at 4-5.) Plaintiff seeks appointment of counsel [4] and consolidation of this action with his wife's parallel action [6].

## III. Discussion

**Claims Against Defendants Madison and Barrow County Arising Out of Plaintiff's Criminal Proceedings**

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000). A § 1983 claim accrues, and the statute of limitations begins to run, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987). See Ashcroft v. Randel, 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005) (noting that the federal "discovery rule" governing the accrual of a federal civil rights action provides that "a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury that forms the basis of his complaint and (2) who inflicted that injury").

5

The Supreme Court's relevant precedents, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (stating that, in order to recover money damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise expunged, declared invalid, or called into question).

Plaintiff's criminal proceedings in Barrow County terminated on or about October 7, 2005, when he was convicted and sentenced. See Petition, Hafez v. Terry, 2:08-CV-0133 (N.D. Ga., filed July 11, 2008) (challenging Plaintiff's Barrow County convictions for false imprisonment, cruelty to children, and family violence battery). See also State v. Hafez, 660 S.E.2d 787, 788-89 (Ga. App. 2008) (affirming Plaintiff's convictions and sentences on direct appeal). Plaintiff filed the claims at issue here on July 7, 2008, two years and nine months after he was convicted. (Compl. at 5.) See

AO 72A
(Rev.8/82)

<u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (establishing "mailbox rule" for pleadings filed by *pro se* prisoners).

Of Plaintiff's four claims against Madison, two of them – his void sentence claim and his jury corruption claim – are barred from review under <u>Wilkinson</u> and <u>Heck</u> because, if successful, the former claim would invalidate at least one of Plaintiff's convictions or sentences and the latter claim would invalidate them all. <u>See, e.g.</u>, <u>United States v. Martinez-Salazar</u>, 528 U.S. 304, 316 (2000) (stating that if trial court seats "any juror who should have been dismissed for cause. . . . that circumstance would require reversal"). However, it is unclear whether Plaintiff's Fourth Amendment search warrant claim, if successful, would also undermine one or more of his convictions or sentences. <u>See</u> <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (stating that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction," and, therefore, "<u>Heck</u> does not generally bar such claims") (citation and footnotes omitted).

If the allegedly illegal search warrant would render Plaintiff's convictions invalid, his Fourth Amendment claim is barred under <u>Wilkinson</u> and <u>Heck</u>. If not, that claim accrued at the time of the search or, at the latest, at the time of Plaintiff's trial,

when Plaintiff knew or should have known all of the facts supporting the claim. See <u>Wallace v. Kato</u>, 549 U.S. 384, _, 127 S. Ct. 1091, 1098, 1100 (2007) (holding that "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," and not when "*anticipated future conviction*," which may never occur, is set aside).

Therefore, if Plaintiff's Fourth Amendment claim is not barred by <u>Wilkinson</u> and <u>Heck</u>, it is barred by the statute of limitations for § 1983 claims against Georgia officials because it accrued more than two years before Plaintiff filed his complaint. The same analysis applies to Plaintiff's claims against Barrow County arising out of the alleged violations during Plaintiff's pretrial proceedings – the delay in the appointment of counsel, the delay in the preliminary hearing, and the national origin discrimination during the bond hearing. These claims against Barrow County also are barred either by <u>Wilkinson</u> and <u>Heck</u> or by the § 1983 statute of limitations.

**False Information Claim Against Defendant Madison**

It is unclear when Plaintiff's false information claim against Madison accrued. However, that claim, as set forth in Plaintiff's complaint – which does not specify the

8

nature of the allegedly false information or when and to whom, specifically, Madison

provided it – does not "raise a right to relief above the speculative level," nor does it

give Madison "fair notice of what the . . . claim is and the grounds upon which it

rests." See Twombly, _ U.S. at _, 127 S. Ct. at 1964-65. Nevertheless, in deference

to Plaintiff's *pro se* status, this claim will be dismissed without prejudice to give

Plaintiff the opportunity to amend his complaint to provide sufficient detail to make

out a viable claim against Madison. See Schuurman v. Motor Vessel Betty K V, 798

F.2d 442, 445 (11th Cir. 1986) (stating that, "[i]n dismissing [a] complaint, the district

court may . . . provide for a stated period within which the plaintiff may amend the

complaint," and if plaintiff does not do so, "the dismissal order becomes final at the

end of the stated period").

**Defendant Cole**

The Eleventh Circuit has acknowledged that several Supreme Court holdings,

taken together, "demonstrate a willingness to protect from unjustified *state* interference

the parental right to structure the . . . religious beliefs of one's children." Arnold v.

Board of Education, 880 F.2d 305, 313 (11th Cir. 1989) (emphasis added). However,

conduct giving rise to a § 1983 claim

9

must have occurred 'under color of' state law; thus, liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it. . . . Misuse of power, possessed by virtue of state law and made possible *only* because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law.

Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (internal quotations omitted) (emphasis added). There is no suggestion in Plaintiff's complaint that merely because Ms. Cole is employed as a school teacher, ostensibly at a public school, that she was "clothed with the authority of state law" when she allegedly took Plaintiff's children to church or allowed Plaintiff's daughter to handle beer. Therefore, unless Plaintiff offers evidence to the contrary in an amendment to his complaint, Ms. Cole must be deemed a private party for § 1983 purposes.

Moreover, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action

10

> alleged to violate the Constitution. The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.

Willis v. University Health Servs., 993 F.2d 837, 840 (11th Cir. 1993) (citations and internal quotations omitted). It does not appear from Plaintiff's complaint that Ms. Cole's conduct satisfies any of these tests for state action. It appears, therefore, that Defendant Cole was acting in a private capacity when she allegedly violated Plaintiff's constitutional rights. Accordingly, because Plaintiff has alleged no facts suggesting that Ms. Cole is a state actor, his claims against her may not proceed. See Twombly, _ U.S. at _, 127 S. Ct. at 1964-65. However, in deference to Plaintiff's *pro se* status, these claims will be dismissed without prejudice to give Plaintiff an opportunity to amend his complaint to establish that Ms. Cole is a state actor and, therefore, amenable to his § 1983 claims against her. See Schuurman, 798 F.2d at 445.

**Defendant Bennett's Placement of Plaintiff's Minor Children in Foster Care**

To the extent that Plaintiff seeks to sue Defendant Bennett on behalf of his minor children regarding their placement in foster care, he may do so only if he is their "general guardian," "next friend," or "guardian ad litem." See Fed. R. Civ. P. 17(c). It is well settled, however, that a guardian may not maintain an action in a

11

representative capacity on behalf of his minor child without the assistance of counsel.

See 28 U.S.C. § 1654; Winkelman v. Parma City Sch. Dist., _ U.S. _, 127 S. Ct. 1994, 2006-07 (2007) (concluding that parents may "prosecute IDEA [Individuals with Disabilities Education Act] claims on their own behalf," but declining to address issue of "whether IDEA entitles parents to litigate their child's claims *pro se*"); id. at _, 127 S. Ct. at 2007 n.1 (Scalia, J., concurring in part and dissenting in part) (noting that "common law generally prohibited lay parents from representing their children in court, a manifestation of the more general common-law rule that nonattorneys cannot litigate the interests of another," and "[n]othing in the IDEA suggests a departure from that rule"); Devine v. Indian River County Sch. Bd., 121 F.3d 576, 582 (11th Cir. 1997) (in IDEA case, "follow[ing] the usual rule – that parents who are not attorneys may not bring a *pro se* action on their child's behalf – because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents"). Moreover, Plaintiff has not alleged that he possesses "next friend" status with respect to his minor children, and, based on the crimes for which he was convicted, the Court entertains some doubt in this regard. Accordingly, to proceed on his claims against Defendant Bennett regarding the placement of his children in foster care, Plaintiff must submit documentation to the Court establishing that he is entitled

12

to serve in this lawsuit as his minor children's guardian or next friend and that he has retained counsel on their behalf.

**Plaintiff's Remaining Claims**

Plaintiff's remaining claims – (1) that he contracted tuberculosis at the Barrow County Jail, (2) that Defendant Manley used "hate speech" against him, and (3) that Defendants Manley and Bennett violated his due process rights by interviewing him – are too speculative to proceed, and they also appear to be time-barred. See Twombly, _ U.S. at _, 127 S. Ct. at 1964-65. These claims will be dismissed without prejudice to allow Plaintiff to amend his complaint to provide sufficient detail to enable them to go forward. At a minimum, Plaintiff must specify when the alleged violations occurred and the contents of Manley's alleged "hate speech," and he must at least allege why he believes that he has contracted tuberculosis.

## IV. Conclusion

For the foregoing reasons, Plaintiff's claims are **DISMISSED** without prejudice. Plaintiff is **INSTRUCTED** that he has thirty (30) days from the entry date of this Order in which to amend his false information claim against Defendant Madison, his tuberculosis claim against Barrow County, and his claims against Defendants Cole, Bennett, and Manley. See Schuurman, 798 F.2d at 445. Plaintiff's motion for

AO 72A
(Rev.8/82)

appointment of counsel [4] is **DENIED**.  See <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993).    Plaintiff's  motion  to  consolidate  [6]  is  **DENIED  WITHOUT PREJUDICE** until it is determined which of his and his wife's claims may proceed.

This Order will become final upon the expiration of the time period noted above. <u>See</u> <u>Schuurman</u>, 798 F.2d at 445.  The Clerk is **DIRECTED** to enter final judgment if Plaintiff does not file an amended complaint within that time, giving due consideration to the  mailbox rule, which requires the federal courts to deem a prisoner's *pro se* pleading filed on the day he submits it to prison officials for mailing.

**IT IS SO ORDERED** this __8th__ day of September, 2008.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)