# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| MAHMOUD M. HAFEZ, | :: | CIVIL ACTION NO. |
| Inmate # GDC 1199756, | :: | 2:08-CV-0156-RWS |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| TIMOTHY MADISON, | :: | PRISONER CIVIL RIGHTS |
| EDDIE BENNETT, | :: | 42 U.S.C. § 1983 |
| CLAIRE MANLEY, | :: | |
| DONNA MARIE PRESSLEY COLE, | :: | |
| BARROW COUNTY, GEORGIA, | :: | |
| Defendants. | :: | |

## **ORDER AND OPINION**

Previously, this Court dismissed certain claims that Plaintiff raised in his original complaint in this action, but offered Plaintiff a chance to amend his complaint with factual allegations sufficient to avoid dismissal of his remaining claims–that (1) Defendant Madison provided false information regarding his citizenship status, (2) Defendant Barrow County exposed him to tuberculosis, (3) Defendant Manley used "hate speech" against him, (4) Defendant Cole violated his constitutional right to raise his children in the religion of his choice, and (5) Defendants Manley and Bennett violated his constitutional rights while interviewing him about his treatment of his son. (Order [7] entered Sept. 8, 2008.)

AO 72A
(Rev.8/82)

Plaintiff has now filed an amended complaint. For the most part, with respect to Defendant Madison, Plaintiff repeats the allegations that this Court previously dismissed without recourse because they are barred from federal review. (Am. Compl. at 2-4; see Order [7] at 5-8.) In support of his one possibly viable claim against Madison (see Order [7] at 8-9), Plaintiff alleges that in December 2005, Madison misinformed Plaintiff's immigration officer about the timing of Plaintiff's arrest; Plaintiff acknowledges, however, that shortly thereafter the immigration officer became aware that Madison had provided "false information," and so informed Plaintiff. (Am. Compl. at 4.) Because these events occurred in December 2005, Plaintiff's claim–which he first raised on July 7, 2008, when he executed and filed his original complaint–is time-barred and, therefore, due to be dismissed as frivolous. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (stating that prisoner complaint may be dismissed as frivolous if it appears "beyond a doubt from the complaint itself" that prisoner "can prove no set of facts [to] avoid a statute of limitations bar"); Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000) (stating that "[t]he statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years").

AO 72A
(Rev.8/82)

Plaintiff next claims that Defendant Bennett violated his due process rights by interviewing him and his family without reading their constitutional rights to them. (Am. Compl. at 4.) Although Plaintiff does not specify the date of the interview, it is beyond doubt that it occurred before he was arrested and tried, and, therefore, this claim is also time-barred and due to be dismissed as frivolous. See Lott, 350 F.3d at 1163; Thigpen, 223 F.3d at 1243. (See also Order [7] at 5-6.) Plaintiff also states that Defendant Bennett deprived his children of their due process rights by placing them "with a foster family for two months in Fulton County without legal authority." (Am. Compl. at 5.) For the reasons set forth in the Court's previous Order, this allegation is insufficient to state a claim for relief. (See Order [7] at 11-13.)

With respect to Defendant Barrow County, Plaintiff once again repeats allegations that this Court previously dismissed without recourse. (Am. Compl. at 5; see Order [7] at 5-8.) Plaintiff does attempt to substantiate the one possibly viable claim against Barrow County set forth in his original complaint by stating in his amended complaint that when he was transferred from the Barrow County Detention Center to the Georgia Department of Corrections (DOC) Diagnostic Center, it was determined that he had been infected with tuberculosis. (Am. Compl. at 6.) Plaintiff also asserts, in an apparent attempt to raise an entirely new claim, that Barrow County

3

did not make available to him "Islamic Service, Religio[us] food," or a law library. (Id. at 6.) Plaintiff has attached to his amended complaint two pages of his DOC medical records to support his medical deliberate indifference claim against Barrow County. (Id. at 6, 9-10.) However, although the first of these two pages is difficult to read, the document appears to indicate that Plaintiff was under DOC treatment by October 2005 at the latest, which is consistent with Plaintiff's having been convicted and sentenced in the Superior Court of Barrow County in October 2005. See Habeas Corpus Petition (Doc. 1), Resp't Ex. (Doc. 8-4 at 72), Hafez v. Terry, No. 2:08-CV-133 (N.D. Ga., filed July 7, 2008). Accordingly, because Plaintiff has not provided any indication to the contrary, the Court concludes that his claims against Barrow County for medical deliberate indifference and First Amendment violations, which he first raised in July 2008 and October 2008, respectively, are time-barred and, thus, due to be dismissed as frivolous. See Lott, 350 F.3d at 1163; Thigpen, 223 F.3d at 1243.

Next, in response to this Court's suggestion that Defendant Cole's status as a school teacher might not qualify her as a state actor for § 1983 purposes (see Order [7] at 9-11), Plaintiff asserts that Cole "acted as [the] foster family [for his children] under the authority of [the] Department of Family and Children Service [sic]." (Am. Compl. at 6.) However, the Eleventh Circuit has ruled that foster parents are not state actors

4

for § 1983 purposes. See Rayburn v. Hogue, 241 F.3d 1341, 1347-49 (11th Cir. 2001). Accordingly, Plaintiff may not sue Defendant Cole under § 1983 for her alleged role as a foster parent to his children.

Finally, Plaintiff claims that Defendant Manley used hate speech, in violation of his due process rights, when she referred to him in a conversation with his attorney as an "Egyptian Muslim." (Am. Compl. at 7.) Again, Plaintiff does not indicate when this conversation took place, although he is on notice that dates are critical to the Court's inquiry because civil rights claims regarding events that occurred too far in the past are barred from review. (See Order [7] at 5-8.) Moreover, Plaintiff admits that he is Egyptian-born and a Muslim, so the Court discerns no due process violation in Defendant Manley's having referred to him as such.

Accordingly, Plaintiff's complaint, as amended, fails to state a claim for relief, and this action is **DISMISSED** in its entirety.

**IT IS SO ORDERED** this ⎽⎽23rd⎽⎽ day of October, 2008.

⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)